Good morning, we are happy to hear Home Buyers Warranty Corp. v. Hanna, Mr. Yurko. Good morning, Carlos Igiga on behalf of the appellants. This is a diversity case involving breach of contract and the threshold issue to be initially examined was whether the trial court abused its discretion in abstaining from deciding this controversy because of the involvement of state contract law issues. And as the court is well aware from Erie Railroad v. Tompkins, diversity cases will always involve abdicating state contract or tort law principles and so... Isn't the first issue to be determined whether the district court had jurisdiction? Yes, and certainly as between the plaintiffs or petitioners, none of the three companies are corporations incorporated in West Virginia, and the respondent or defendant is a citizen of West Virginia. So there's complete diversity of citizenship as to those entities. Now there is an issue that's raised in the opposition that are there... Well, let me backtrack. The original proceedings were in state court, conventional tort contract construction defect lawsuit brought by a homeowner against her developer and various design professionals and some other local corporations which may have been involved in investigating... What about the warranty companies? What's their citizenship? Homebuyers Warranty Corporation, Colorado Corporation, National Home Insurance Company, a third-party administrator, a Colorado Corporation, and New Home Warranty Insurance Company, the warranty insurer is a Washington, D.C. corporation. So there's a complete diversity between them and Hanna? Yes. So then what impact does the fact that there is incomplete diversity among Hanna and the homebuilders and designers... What effect does that have? It is irrelevant based on the pleading filed with the U.S. District Court. That pleading does not seek to have the federal judge decide if any of the tort or contract issues alleged in the State Act should have any merit. But these parties also presumably are entitled to arbitrate as well. Isn't that the issue before the federal court? No. They're not entitled to arbitrate? Well, certainly none of them have... The builder could have rights to enforce arbitration because the builder is a co-obligor under the HPW warranty. However, the builder has not opted to move for compelled arbitration. That doesn't mean that they can't later on, right? Correct. But that's for the builder to decide. And if the builder has waived its right to compel arbitration, then that's an issue to be decided in the state court proceedings. I don't even know. Certainly, the builder's answer is not in the record. In all candor, I don't know if they've alleged arbitration as an affirmative defense. What's the authority that you have where there is incomplete diversity in the state court suit, but then there's diversity among the subset of parties in the federal suit? There are three... What cases? What's your most powerful case for the proposition that subject matter jurisdiction lies? There are two appellate court decisions. First, Franklin Financial Corp. v. McCollum, 144 F. 3rd, 1362. That's from the 11th Circuit, 1998. And Snap-on Tools Corporation v. Mason, 18 F. 3rd, 1261. What about the Moses-Cohen decision? Does that have any applicability? It certainly would as well, because in Moses H. Cohen, that was also a construction defect lawsuit. The two state court defendants were an architect and a general contractor. The property owner was of the same state citizenship as the architect. And so the architect and the general contractor were potentially co-liable under tort contract theories. Only the general contractor moved to compel arbitration, could not remove the lawsuit to federal court. And so the Supreme Court held that there was diversity jurisdiction for that limited arbitration petition brought by the general contractor, even though the architect, if it's involvement in the federal court, would have destroyed diversity jurisdiction, not essential. And what is the arbitration proceeding? What is the role of the homebuilders in the arbitration proceeding? The homebuilder... My client... What is the holder of innovative design? Let's say we say just hypothetically that... Certainly. The only issues to be arbitrated would be whether the HBW warranty has been breached. We're not arbitrating the tort contract causes of action against the other defendants. Our clients are only potentially liable under this one written warranty. Certainly the builder is the warrantor. The warranty insurance company backs the builder's liability. So if there's liability under the HBW warranty, whether or not the warranty insurance company has indemnity rights against the builder, I don't know. That's far down the field. But certainly if there's liability under that warranty, warranty insurance company will pay a repair to home pursuant to that contract. Well, remember your discussion with Judge Diaz. Are you familiar with this Owens, Illinois case, which is one of our cases? Yes, and that case... Well, wouldn't that... Wouldn't your solution here lead to exactly the problem that we identified there, that we would have the parties having to deal with arbitration in two different venues? The difference in Owens... Just what you've said to us. You said, well, down the line, maybe these other people will go into an arbitration clause in state court. But that's... We recognize that wasn't an appropriate thing to do. In the Owens case, that was different from Moses H. Cohn because there were multiple plaintiffs as opposed to multiple defendants. Moses H... What difference does that make? Because what we were worried about was a party having to deal in different jurisdictions, state or federal, with the same arbitration agreement. Yes, so in Owens, there were multiple plaintiffs. Some of the plaintiffs shared the same state citizenship as the defendant moving... Just the opposite, multiple defendants. What difference... I understand that's a factual difference. You've made... You've factually distinguished the case. Remember from law school, the difference between factually distinguishing it and distinguishing... But that fact has a key legal significance. Okay. Because in Owens, I'll call it the petitioner, was seeking to compel arbitration against all the plaintiffs. And that defendant decided to pick and choose as to which plaintiffs he was going to drag into federal court. That defendant said, I'm only going to bring a federal court petition against the plaintiffs who are of different citizenship from myself. And because petitioner was going to try to enforce arbitration in both state court against plaintiffs with same citizenship, and in federal court against plaintiffs with diverse citizenship, then there was a possibility of inconsistent outcomes as to whether petitioner would have to arbitrate. Because the federal court vis-a-vis the different plaintiffs, the out-of-state plaintiffs, might say, okay, you have to arbitrate. State court involving same plaintiffs with same plaintiffs, state court might come up with a different ruling. And so there you could have potential different rulings and arbitrability. Well, other than the fact that there was a tactical decision there to pick and choose parties, Judge Matz's question remains. The same result obtains here of the potential for inconsistent judgment. There's no inconsistence, potential inconsistency on whether a plaintiff has to arbitrate with petitioners. Well, what if the, and you mentioned that the home builder has not yet moved to arbitrate, but that doesn't mean that they cannot. And what if the state court decided that there was no right to arbitrate as to those parties? But then there's no inconsistency as to the obligation to arbitrate between the fact that the builder may not have to arbitrate, should not operate to undermine different defendants' contractual rights. Our contractual rights. Well, the question is who gets to decide, the state court or the federal court. Well, I can't tell the builder where to bring that arbitration petition. We don't represent them. We have potentially conflicting interests. Well, can I ask you this? Do you recognize that Owings is controlling here? No. Moses H. Owings. Owings, Illinois, a Fourth Circuit case is not controlling on this issue? Because of... You think it's contrary to the Supreme Court case? That would be a very... No, no, I'm not saying... Why do you say that? I'm saying... You're not espousing a position in front of us that is contrary to Owings, Illinois. I'm just arguing that Owings is not controlling because it is distinguishable. There is no potential... And you think it's distinguishable. So you don't think it's bad law? No, I agree with the holding in Owings. You agree with the holding? It was the correct result based on those facts. Just tell us why you think it's distinguishable. The petitioners in this case have only one forum to obtain... Right now, there's only one forum where arbitrability will be decided. And that's in the federal court forum. Now you've got a potential other... You're talking about the potential other party who has different contractual rights with the plaintiff. If they decide that they want to enforce their own arbitration agreement with the plaintiff, why should that be of consequence? We have a direct contract here that is fully... By the same token, if the warranty insurance company has benefits owed under the contract, what consequence is it to the... The separate contract. Counsel, if in fact you're saying that the builder has yet to exercise its rights to arbitrate, what makes these parallel proceedings then? If in fact you... There are... There should be no parallel proceedings. But you never raised that issue in your brief. You sort of conceded that the district court correctly determined that these were parallel proceedings, which is a precursor to deciding whether or not abstention applies in the first... Well, there are... There's limited parallel proceedings in that when these petitioners... When we answered in state court, we pled arbitration as an affirmative. Oh, you did? Okay. All right. But... And certainly the plaintiff in his complaint has a declaratory relief count that says, hey, there's this arbitration... How many are then parallel proceedings? But... To re-answer the question, yes, they are parallel. There are, but nothing in the state... There have been no proceedings initiated in state court to reach an adjudication of those issues. So this is even... In Moses H. Cohen, there had actually been court proceedings to obtain rulings on arbitrability. And then... As a matter of efficiency, if you're going to arbitrate, why wouldn't it make the most sense to corral all the different parties into the arbitration proceedings and have the rights of the plaintiff... Assuming that the plaintiff is required to arbitrate at all. I have my doubts about that. But if the plaintiff is required to arbitrate, would it make more sense simply as an efficiency matter... Certainly... ...to have the home builders and the warranty companies involved in it because it was the home builders that signed up Ms. Hanna and enrolled her home in this particular warranty program. So they're right in the thick of this. If arbitration is going to be effective, why wouldn't it require everyone... Why aren't the home builders something that can do an indispensable part? Because certainly efficiency is a valid concern in most circumstances. But the Supreme Court has held that in both Moses H. Cohen and in more recent decisions that the fact that there may be inefficiencies and inconsistencies engendered in compelling piecemeal arbitration is not a recognized or valid defense for denying rigorous enforcement of an arbitration agreement between contracting parties. And unfortunately, my red light is on. Thank you. Mr. Brinkley? May it please the Court, Chris Brinkley on behalf of Ms. Hanna. And what I'd like to do is start off by focusing on something the Court has obviously seized on. Arbitrary... I'm sorry. Breach of the arbitration agreement is not the sole issue here. The existence of an arbitration agreement is at issue here because during the construction, it was the contractor that signed Ms. Hanna up for the warranty company's 210 warranty. And if you look in the Joint Appendix at page 143, the Certificate of Warranty Coverage from the warranty company says there's three things that make up the warranty. Quote, the builder application for home enrollment that you signed with your builder prior to your home being enrolled in the HBW program. Are you arguing simply on the merits that Hanna never agreed to arbitrate in any way, shape, or form? She didn't sign it. She didn't consent to it. She didn't give anybody authority to consent to it. And in fact, she provided an affidavit in the District Court that says, I never signed. I'm sorry? I mean, that's interesting and good for you. But how does that assist you in front of us right now? Because we're not going to decide the merits, I'm pretty sure. Right? It is important because in order to make a decision as to whether or not it's even valid, we have to have the whole warranty contract. And if you go through the Joint Appendix, you're not going to find the builder application for home enrollment that Ms. Hanna was required to sign with her builder. So this to you goes to an argument about necessary parties. Absolutely. Very indispensable parties. Can we go back to Judge Diaz's question about whether, have you asked in state court for arbitration? We have not. But I will offer... You have a right to, right? No. There's no arbitration agreement between Ms. Hanna and the builder. Okay? But here is something that... You don't think you even have a right to arbitration in state court? No. Because we didn't consent to arbitration. Well, let me ask you... Ms. Hanna... What is, you believe there is subject matter jurisdiction here for us to reach the merits of whether there's an arbitration agreement or not? I disagree. I don't think the federal courts have subject matter jurisdiction at all, precisely for the reason raised by Judge Motz. I don't, I think there are indispensable parties in the form of Clark Lamp and Innovative Design and Construction who procured the homeowner's warranty for the benefit of Ms. Hanna. So you do not want us to get to the merits of the arbitration? Well, if you do get to the merits of it, I think you find that there's no consent and therefore there's no arbitration agreement. But you would say there's no jurisdiction, so we can't get to the merits. I would agree with that. Now, the question is, does Moses Cohen stand for the proposition that even though there's incomplete diversity in state court, but there is complete diversity between a subset of the parties in federal court that subject matter jurisdiction obtains? I don't know that it does, and here's why. The Supreme Court in Moses H. Cohen did not bring this factual distinction out, but I think it's extremely important. The arbitration agreement in Moses H. Cohen is between the construction company and the hospital. And what it says is, if we have a dispute, we're going to refer it to an architect who is not a party to the arbitration agreement. The architect then, if they disagree with the architect's decision, they can move for arbitration, or if the architect fails to act in a reasonable amount of time, they can move for arbitration. What happens is, the construction company blames the hospital for delays in construction. The hospital comes back, files the petition for arbitration, and leaves out the architect who's not a signatory. Now, the reason they can do that there is because A, he's not a signatory, but B... But did Moses H. Cohen deal with the situation of where there was incomplete diversity in state court, but complete diversity among a lesser subset of parties in federal court? That was the factual scenario. And did Moses H. Cohen find subject matter jurisdiction there? It did. But I think this factual distinction... Without going... Well, the factual distinction, if you've taken ten minutes to explain it, it must be pretty elusive. So, if you can crunch down on it. Sure. The claim by the hospital against the architect was for delay in ruling. That is easily severable from the issue between the hospital and the construction company as to defects in the construction. Now, let's just suppose that, just purely hypothetically, I, for one, think you have a pretty strong argument on the merits, but let's suppose, hypothetically, that it was... that there was an arbitration agreement here, and it was pretty clear. What does this do to the right of the plaintiff, in this case, the warranty company, to arbitrate? If they have a valid contract, if an arbitration clause is part of that contract, if they bring a suit in which there's complete diversity between the warranty companies and the defendant in the federal suit, does the arbitration clause and the contract that the warranty company signed with, let's suppose, any plaintiff, with Hanna or any state court plaintiff, does that give them a right to proceed? What happens to their contractual right if we say there's no subject matter jurisdiction, notwithstanding the fact of complete diversity between the limited subset of parties? If you decide there's a lack of subject matter jurisdiction, the state court is still available to hear the arbitrability issues, any of the issues related to arbitrability. One of the other things I wanted to point out, because the court kind of inquired about this and it was never directly answered, there's not just two cases pending, a state court case and this case. There's actually another case pending in front of Judge Goodwin where the warranty companies filed another petition for arbitration against all of the builder entities except for Clark Lamp and Innovative Design and Construction. And incidentally, some of those builder entities are West Virginia citizens, just like Ms. Hanna, which means had the warranty companies included all the people they've filed petitions for arbitration against in one proceeding, in one federal proceeding, there's no doubt that subject matter jurisdiction wouldn't exist because, for example, Mr. Randolph and Randolph Engineering are West Virginia citizens, like Ms. Hanna. There would not be diversity. So we wouldn't have an issue. Okay, so that was a tactical decision on their part, you say, but what is it about the home builder and the other entity, Innovative and Clark Lamp, that makes them both necessary and indispensable parts? They're necessary and indispensable because they are the ones, summarily, they are the ones that went out and procured this homeowner's warranty for the benefit of Ms. Hanna. And what happens is- It doesn't make them fact witnesses, but how does that make them necessary and an indispensable party? Well, to be a necessary and indispensable party, what you're looking for is whether or not Lamp and Innovative can be prejudiced by their failure to participate. And they don't need to be concerned about being prejudiced. They don't have any interest that appears to be part of the federal litigation. Or is it your client that might be prejudiced? Well, absolutely my client is prejudiced, but Clark Lamp and Innovative, if they're- since they're the mechanism by which this arbitration or this homeowner's warranty comes about anyway, they are co-defendants with the warranty companies in plaintiff's breach of contract and fraud and misrepresentation claims with regard to this warranty, number one. So if the- if decisions are made about Mr. Lamp's actions and Innovative's actions in their absence, they're obviously prejudiced. But then we get back to the problem that's been raised earlier by the court, that you wind up with a potential for inconsistent outcomes. Who signed the actual contract containing the arbitration clause? Well, it's not in the record. That's- that was kind of the point I was leading with is why isn't it in the record? Ms. Hanna says she didn't. Whose signatures are on the contract containing the arbitration clause? Having seen it outside of the record, I can tell you it's Mr. Lamp's signature. Why would something like that be outside the record? I don't know, you'd have to ask the petitioners. But the plaintiff doesn't want it in the record. Yeah, well, somebody might want it. But to go back to Judge Diaz's question and when he was asking you about the necessary and indispensable party and you were talking about why these parties were necessary and indispensable and you were talking about the prejudice to them if this was decided without them. And you sort of quickly went over the fact that the prejudice to your client. And it seems to me that that is- probably goes more- they're necessary and indispensable to any fair adjudication with respect to her, I guess is what your position is. Absolutely, in part. I mean, I don't represent Mr. Lamp in innovative design and construction. Their interests are of more academic concern to you. Right, but obviously- Your interest in having them in is because without them, your client does not get a fair and full hearing on these issues. I absolutely agree with that. And get a resolution. Absolutely. Well, a single resolution. You don't want to litigate twice, I guess is your point. Well, part of it is I don't want to litigate twice, but going back to Judge Motz's comment- Well, that's not going to believe me. That's it. Because it seems to me you're going to litigate once. From an academic standpoint, I absolutely agree. I don't represent Mr. Lamp in innovative, but I would hate to be in their shoes knowing that an arbitration panel somewhere is making decisions about their actions as to whether or not there's a valid arbitration agreement number one and then making decisions or the federal court making that decision and then number two, having an arbitration panel decide did you create defects that creates liability under the policy and then Mr. Lamp and innovative don't have an opportunity to defend themselves. What do we do in a situation when A signs a contract with B and the contract contains an arbitration clause but there are also other parties that are factually entwined with the controversy between A and B but they're not parties to the arbitration contract? As here, there's complete diversity between A and B. Are you saying that one party to the arbitration contract cannot bring a suit in federal court if A and B are the only two signatories to the contract notwithstanding the fact that there are other state court defendants that may not have signed the contract? What does that do to the arbitral rights of the parties that were signatories to the contract if anytime there are other state defendants or other parties factually connected to the controversies but weren't signatories to the contract? Where does that leave where does that leave their arbitral rights? Part of which would encompass the right to a particular forum if the jurisdictional prerequisites were met. I'm just curious because that's a question that this case raises. And I'm not sure that I followed it completely but I'm going to try to answer it. One of the things that the U.S. Supreme Court has said is arbitration is a matter of consent and you have to give consent Alright, but I'm saying you have a contract, alright? A and B signed it. You have an arbitration clause in the contract. Does that mean that one of the two parties that signed the contract containing the arbitration clause cannot bring suit in federal court because a state lawsuit that arose among non signatory parties who were factually connected where there was incomplete diversity notwithstanding the fact that there's complete diversity among the signatories to the contract and in the federal court suit. What does that what does that do? I think as a general rule that does not the fact that there are non-signatory state court parties does not preclude the opportunity to petition the federal court to Alright, well when does it preclude and when does it not preclude? When you have if the issues involving the other parties are severable like in Moses H. Cone with the architect from the two parties that are going to federal court to discuss arbitration, that's fine. But when you get into a situation like this one where it is those non-signatories it is those state court defendants who are not before the federal court who are the ones that are responsible for procuring the arbitration agreement who are responsible for the underlying facts You're not announcing a general rule You're just saying the fact that these home builders took it upon themselves to act as an agent without in your view any kind of proper agency authorization and enrolled this home with this particular warranty and they procured the contract that they are so tied in with the controversy that it simply is an inefficient use of resources under these facts to have separate proceedings That is correct. I am not condemning arbitration clauses What it boils down to is the procurement role in your view that the innovative and LAMP played as a sort of a go-between between Hanna on the one hand and the warranty corporations on the other and you say they are in your judgment the indispensable go-between the indispensable link between Hanna and the warranty companies and so under those facts you don't want a piecemeal arbitration procedure That's correct Am I understanding your position correctly? That's correct. The point is Ms. Hanna doesn't even know there is an arbitration clause until after the warranty has already been issued because it was all done by Clark LAMP without her knowledge I think that Judge Wilkinson has stated your position in the context of arbitration perhaps more effectively than you have because what you always want us to do is get back to the merits but really as far as the arbitrability issue is you claim that innovative and LAMP not only procured but maybe they were the signatories of the arbitration agreement so surely they are necessary and indispensable party but in any event as Judge Wilkinson said they procured your claim And to the other half of your question Judge Wilkinson I think Judge Goodwin did it perfectly at the end of his summary judgment order or his abstention order when he said the state court is clearly in the best position to protect everyone's rights We can't reach abstention if there is no subject matter jurisdiction What I am concerned about here is too broad a rule because the Supreme Court you know put a high premium on arbitration and the enforcement of contractual arbitration clauses and part of that as Moses Cone struck has got to be that you have a right to a federal forum to enforce a contractual arbitration clause where there is complete diversity between the parties to that federal suit and and to obliterate or impair that principle strikes me as thin ice but on the other hand I take your point that here there is an awful lot of advantage in getting the home builders, Innovative and Lamp roped into this thing because they are the one party that has links to both sides as I understand it and you are exactly right and that is where the the Vodden versus Discovery Bank case from the Supreme Court comes in when it says the Arbitration Act itself is not a basis for subject matter jurisdiction you have to have an underlying basis and when you are talking about diversity jurisdiction what you do is you look through what's been pled in the arbitration petition to the actual controversy between the parties not just a piece broken off. Well I don't know that we have to apply that case to diversity cases. Thank you very much. Mr. Gerico whenever you are ready you have some rebuttal time sir. The Owens case stands for the proposition that if you have multiple plaintiffs in a state lawsuit who have arbitration agreements with a defendant and that defendant then files a separate federal court petition to compel arbitration against some but not all the plaintiffs because of lack of complete diversity then the trial judge has the discretion to abstain from hearing that petition to compel arbitration because of well I suppose it's not discretionary it's under Rule 19 failure to join indispensable parties. Right but then you've got the Moses H. Cohen case which stands for the proposition if you have a single plaintiff and multiple defendants some or one of whom has an arbitration agreement with the plaintiff and that defendant vis-a-vis the single plaintiff has the absolute right to come to federal court and have its enforceability or existence of its arbitration agreement decided by the district court abuses its discretion if it refuses to hear that contribution. At least this case is factually different in that you've got multiple defendants who could well be compelled to arbitrate and why not do it? No defendant is being asked to arbitrate you've got three defendants So far right? So far First let me briefly address this insinuation that there is this second federal court lawsuit which could destroy diversity here. There are three state court defendants who filed cross complaints against the HBW entities and they said look to the extent we're held liable we think HBW entities should pay benefits under their warranty to reduce our liability and it's our contention we're not bound to arbitrate those warranty claims So we filed those cross complaints came in after we'd already briefed fully briefed this thing with the plaintiff Is Owens Corning case speak in terms of it spoke in terms of subject matter jurisdiction? Yes necessarily So again why why wouldn't this be a stronger case than Owens Corning for an absence of subject matter jurisdiction? Here the court is concerned about a potential other indispensable party which has not even stepped forward to contest arbitrability with the HBW entities or to the builder has simply taken no position But you and your colleague on the other side seem to think that the necessary and indispensable party has to be waving its hands to get into the case in order for us to file It doesn't of course I concede We're worried about his complete justice in the parties that are here and they're the ones that assert that there is a necessary and indispensable party outside the case I suppose one way to perhaps put this in a proper perspective let's say you've got three defendants three parties defendants under a contract one of whom waives his right to arbitrate or perhaps for valuable consideration says you know what give me a thousand Is there any evidence in the record that that's the case here? No But here we're talking about a potential other party. The fact that one defendant will destroy his own rights to enforce an arbitration agreement should not vitiate the rights of the other two defendants to independently enforce their own obligations owed by the plaintiff under that contract Can we change your hypothetical just a little bit? Yes your honor And so that A the only link between A and C is B B isn't in the case A says it's all B's fault and B is the only contractor with C Isn't B necessary to defend? No because A can still argue as part of its defense to C that I am not bound by this contract because of acts or omissions by B B does not have to be a party to adjudicate the rights between A and C You simply take the deposition or conduct discovery do whatever you need between A and B for A to shore up its defenses That might be true if B hadn't also been the sole procurer of the arbitration agreement under which C is trying to get relief from A Well the court makes it seem as if the contract that C is trying to enforce is a one way street It's a bilateral contract It could go either way but C is the one that doesn't C is the one that wants to arbitrate the federal court A doesn't, the plaintiff Correct So that's how it comes to us now but it could be reversed You could have been wanting to be in the state court and the plaintiff here It would be the same problem either way That's why you keep telling us that it was a problem with plaintiffs rather than defendants In the other case it doesn't sound to me like a difference a distinction to be sure but a distinction doesn't make any difference Well because here there is no state court proceeding that is underway about to be decided which will adjudicate the arbitrability of the claims of A versus HBW Now we have a number of cases that say you should join indispensable parties even if it destroys federal court jurisdiction by introducing a lack of complete diversity Why is it unfair to expect you rather than making a tactical decision to join only Hanna for purposes of federal jurisdiction Why is it unfair to expect you to join the home builders given their critical role in procuring the contract and their critical role in the whole controversy because we do have a number of cases that say well you should join indispensable parties and if that is fatal to subject matter jurisdiction then that's too bad but you still have the obligation to join and that goes back a good bit You made a tactical decision for jurisdictional purposes I suppose not to join Innovative and LAM Why is it wrong or unfair to expect you if you want Why is it wrong to expect you if you want to enforce your right to arbitrate to join an indispensable party Because your honor there is no pending lawsuit between the builder and HBW so there's nothing to be compelled to arbitration B again But the point is they're indispensable it's not the question of whether there's a pending contract or whatever it's a question of whether they're indispensable to resolving the whole controversy I just failed to see we're now going to the merits of the enforceability arbitration agreement I failed to see how any acts or omissions by Innovative will are necessarily adjudicated must necessarily be adjudicated vis-a-vis But by requiring you to join an indispensable party we lessen the risk of case fragmentation Do we not? No because Innovative is not seeking to have its arbitration rights adjudicated So there's no If Innovative is not asking anyone to decide its arbitration rights then why are there why are they indispensable in any judicial proceeding because no one I'm not trying to argue that they have arbitration rights or have waived it. Builder doesn't care because Builder is in the right forum with Innovative That's kind of looking down the road isn't it? I mean I don't know what attitude or what attitude Shouldn't jurisdiction be based on what exists right now? I don't know what view Innovative takes with respect to all of the arbitration So under this court's approach then, or what role they played in procuring the contracts or whatever the only thing the only thing you can glean from what we have here is that they're mighty important Should have been joined But here I mean the case law clearly sends a strong signal if you have an arbitration agreement you'd better move to enforce that immediately and here we're talking about a potential scenario We're now more than a year down the road from when we first promptly moved I think we tried to move for arbitration within 60 days of being served with a complaint We're now well over probably close to two years from that and we're talking about a hypothetical about some other party which may or may not come in to have its arbitration rights adjudicated But the question is where do you get to enforce that agreement and the plaintiffs say go back to state court and Mr. Brinkley says it's not just the prejudice that might ensue as a result of not being present for the petition to compel in federal court but he's looking even further down the road and says that the builder might be prejudiced by any decision on the merits of any arbitration proceeding And if in fact there is prejudice to the builder then that's a necessary collateral consequence engendered by the FAA That's what Moses H. Cohen, Dean Witter, Dean Witter vs. Bird and there's a recent 2011 or 2012 where the court said that you cannot subvert enforcement of an arbitration agreement because of considerations of inefficiency, piecemeal litigation, and inconsistent adjudications That is I mean that's right there in Moses H. Cohen and it is most recently in KPMG vs. COCHI 132 Supreme Court 23 2011 Why would we be subverting it? Well the court is concerned that you've got this I'm not saying that you don't have a right to arbitrate I mean we're certainly not saying that you do But certainly the court is not permitting immediate enforcement of an Because of potential If you've been in state court there's a right to arbitrate there Certainly but Moses H. Cohen says that we have the absolute right to have our rights under the FAA safeguarded by a federal court But Moses H. Cohen doesn't say anything about getting away with the unnecessary party doctrine in the rule It just doesn't address that It doesn't say it doesn't apply in arbitration cases and we know you've acknowledged it does apply What you have to say is that this is not a necessary party And I'm just arguing your honor that this case is consistent with There would be no inconsistency between this case Owens and then the other cases where the first Frank because this is a single plaintiff case And therefore Thank you your honor We'll come down to Greek Council and move into our next case
judges: J. Harvie Wilkinson III, Diana Gribbon Motz, Albert Diaz